IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> TRAVIS O'NEAL BARKER, <br><br> Defendant. | Case No.: 3:20-cr-00355-AN <br><br><br> OPINION AND ORDER |

On June 1, 2023, *pro se* defendant Travis Barker filed this Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255, ECF [68]. The government responded in opposition on August 3, 2023, and defendant filed a reply on August 21, 2023. The Court ordered supplemental briefing on October 23, 2023, which was completed on November 17, 2023. For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

A federal prisoner may move the court that imposed their sentence to vacate, set aside, or correct the sentence imposed on three bases: (1) "[T]he court was without jurisdiction to impose such sentence," (2) "the sentence was in excess of the maximum authorized by law," or (3) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is warranted under a § 2255 motion if the defendant shows that a constitutional error occurred that "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

## BACKGROUND

On August 18, 2020, defendant was indicted on five counts: (1) two counts of attempted bank robbery, in violation of 18 U.S.C. § 2113(a); (2) two counts of use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and (3) one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF [16], at 1-3. The charges

arose from defendant's actions on March 10, 2020, when he entered two separate banks brandishing a handgun and demanding money. Govt.'s Resp. to Def.'s Mot. to Vacate, ECF [74], at 2. On August 13, 2021, defendant entered into a plea agreement whereby he pled guilty to two counts of Use and Carry of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Pursuant to the plea agreement, the remaining charges were dismissed. Plea Agreement, ECF [53], ¶ 2; Plea Pet. & Order Entering Plea, ECF [54], ¶ 24. By accepting the plea agreement, defendant waived "the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)." Plea Agreement ¶ 10. On February 18, 2022, judgment was entered sentencing defendant to a term of seven years imprisonment on Count One and a term of five years imprisonment on Count Two. J. & Commitment, ECF [65], at 2. These sentences were to be served consecutively. *Id.* Defendant did not appeal his convictions.

Defendant now brings a § 2255 motion, requesting that his convictions and sentences be vacated in light of the Supreme Court's ruling in *United States v. Taylor*, 142 S. Ct. 2015 (2022).

## DISCUSSION

Defendant argues that, in light of the Supreme Court's decision in *Taylor*, he is "actually innocent" of his § 924(c) convictions. 18 U.S.C. § 924(c), the basis of defendant's convictions, is applicable only when a predicate crime is also charged. That is, it can be charged only in connection with a predicate "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).

In this case, defendant was charged with two § 924(c) violations predicated on two attempted bank robbery charges, which the government and the sentencing court viewed as "crimes of violence." The statute provides two definitions for felonies that are "crimes of violence." The first definition, commonly referred to as the "elements clause," defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The second definition, commonly referred to as the "residual clause," defines a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the

2

person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause, § 924(c)(3)(B), was unconstitutionally vague. However, § 925(c)(3)(A), the elements clause, remains in place. In *Taylor*, the Supreme Court held that an attempted Hobbs Act robbery and a conspiracy to commit a Hobbs Act robbery could not be predicate crimes to a § 924(c) crime under the elements clause because the elements of an those crimes did not satisfy the elements clause. Thus, defendant now argues that his § 924(c) convictions were "for an act that the law does not make criminal" because he contends that they are based on an invalid predicate offense. *Davis v. United States*, 417 U.S. 333, 346 (1974).

The government opposes defendant's motion, arguing that the Court need not reach the merits of defendant's claim because his motion is procedurally barred for three reasons: (1) he waived his right to make this claim; (2) the claim is time-barred; and (3) the procedural default rule applies. Because the Court finds the collateral attack waiver issue to be dispositive, it declines to address the government's alternative arguments.

A.  **Collateral Attack Waiver**

As noted above, defendant's plea agreement contained the following waiver:

> "Defendant knowingly and voluntarily . . . waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2)."

Plea Agreement ¶ 10. Generally, a collateral attack waiver is enforceable if (1) "the language of the waiver encompasses [the defendant's] right to appeal on the grounds raised" and (2) "the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (internal quotation marks omitted).

Defendant does not argue that the waiver was not knowingly or voluntarily made. Instead, he argues that his claims fall under the "miscarriage of justice exception." The cases cited by defendant in support of this proposition are from circuits that have no binding authority on this Court, but this Court is not aware of any Ninth Circuit precedent recognizing such an exception to a collateral attack waiver.

3

Indeed, at least one Ninth Circuit non-precedential case has indicated that such an exception does not exist. *See United States v. Schneider*, No. 21-15144, 2023 WL 4578835, at *1 (9th Cir. July 18, 2023) ("*If a* miscarriage of justice exception to the waiver rule exists, it does not apply here." (Emphasis added.)).

To the extent defendant is asserting, instead, that his collateral attack waiver cannot be enforced because his sentence was illegally imposed, such an exception to the waiver rule does exist. *See United States v. Torres*, 828 F.3d 1113, 1124-25 (9th Cir. 2016) (noting that a sentence that "violates the Constitution" is illegal and unaffected by appeal waiver); *United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (noting that appeal waiver will not apply if "sentence violates the law").  Notably, the "illegal sentence" exception carved out by the Ninth Circuit is narrow—it applies solely to claims related to illegal *sentences*, not claims related to illegal *convictions*. *United States v. Goodall*, 21 F.4th 555, 562-63 (9th Cir. 2021); *see United States v. Beckett*, No. 17-36005, 2022 WL 34136, at *1 (9th Cir. Jan. 4, 2022) (enforcing collateral attack waiver against defendant challenging legality of 18 U.S.C. § 924 convictions under *United States v. Davis*, 139 S. Ct. 2319 (2019)).  An "illegal sentence" includes a sentence "not authorized by the judgment of conviction, . . . in excess of the permissible statutory penalty for the crime, or [that] is in violation of the Constitution." *Id.* at 563 (quoting *United States v. Johnson*, 988 F.2d 941, 943 (9th Cir. 1993).

Defendant's argument is that he "stands 'actually-innocent' of his" § 924(c) convictions. Def.'s Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255, ECF [8], at 5-6.  On one hand, defendant's argument could theoretically fall under the illegal sentence exception.  That is, if his § 924(c) convictions were imposed pursuant to an invalid predicate offense, then it stands to reason that the sentences imposed for those convictions were similarly illegally imposed.

However, in the § 2255 context, nonprecedential opinions by the Ninth Circuit seem to have construed similar arguments as challenging the legality of the conviction, rather than the legality of an imposed sentence. *See United States v. Schneider*, No. 21-15144, 2023 WL 4578825, at *1 (9th Cir. July 18, 2023) (enforcing collateral attack waiver against defendant's § 2255 motion which claimed that his § 924(c) convictions were based on an invalid predicate offense); *United States v. Haas*, No. 19-17399,

4

2023 WL 1813494, at *1 (9th Cir. Feb. 8, 2023) (enforcing collateral attack waiver against defendant's § 2255 motion which claimed that his § 924(c) conviction was based on an invalid predicate offense under *United States v. Taylor*); *Beckett*, 2022 WL 34136, at *1 (enforcing collateral attack waiver against defendant's § 2255 motion which claimed that his § 924(c) convictions were unconstitutional). These cases indicate that when a defendant raises a claim in a § 2255 motion that their § 924 convictions should be vacated because they were based on invalid predicate offenses, such an argument challenges the conviction alone and not the sentence.

Yet, defendant also identifies a case from the Northern District of California, *United States v. Brown*, which seems to draw the opposite conclusion. 415 F. Supp. 3d 901 (N.D. Cal. 2019). In that case, the district court declined to enforce the defendant's collateral attack waiver when the defendant brought a § 2255 motion seeking to have his § 924(c) conviction vacated and set aside in light of *Davis*. *Id.* at 906-07. In so holding, the court stated, "When a residual clause is unconstitutionally vague, any sentence imposed under that clause is illegal." *Id.* (citing *United States v. Torres*, 828 F.3d 1113, 1135 (9th Cir. 2016). Although that court's determination signals the difficulty of ascertaining a challenge to a conviction versus a challenge to a sentence in the § 2255 context, there are important features of *Brown* that distinguish it from the case presently before this Court.

First, the court in *Brown* was addressing a situation where the specific statute that the defendant was convicted under was rendered unconstitutional by the Supreme Court. In contrast, the § 924 convictions that defendant challenges in this case were predicated on crimes for attempted bank robbery under 18 U.S.C. § 2113(a), whereas the predicate offenses addressed in *Taylor* were charged under the Hobbs Act, 18 U.S.C. § 1951(a). The Supreme Court's analysis in *Taylor* was limited to the elements of an attempted Hobbs Act robbery—it did not address the application of § 924(c)(3)(B) to attempted bank robbery as a predicate crime. This is significant given that the elements for these two crimes are different.

Second, the district court in *Brown* did not have the benefit of *United States v. Goodall*, which was decided two years after the opinion in *Brown* was issued. 21 F.4th 555. In *Goodall*, the Ninth Circuit clarified that the illegal sentence exception does not encompass claims related to illegal convictions.

5

*Id.* at 563. Specifically, the court highlighted that the defendant was seeking to vacate his § 924(c) convictions—not challenging his sentence. *Id.* Therefore, the court held that the illegal sentence exception did not apply to the defendant's appeal waiver. *Id.* at 564-65.

In light of *Goodall*, and the subsequent nonprecedential cases from the Ninth Circuit, the Court finds that the collateral attack waiver in defendant's plea agreement is enforceable. Further, the Court finds that the claims raised in defendant's § 2255 motion do not fall into one of the three exceptions outlined in the waiver. *See* 18 U.S.C. § 3582(c)(2) (permitting modification of imprisonment term if defendant was sentenced based on sentencing range "that has subsequently been lowered by the Sentencing Commission); Fed. R. Crim. P. 33 (permitting motion for new trial). Therefore, defendant's § 2255 motion is procedurally barred by the collateral attack waiver in his plea agreement and must be denied.

**B.     Evidentiary Hearing**

Generally, an evidentiary hearing is necessary for § 2255 motions. 28 U.S.C. § 2255(b). However, a hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.*; *see Baumann v. United States*, 692 F.2d 565, 570-71 (9th Cir. 1982) (noting that a hearing is mandatory only when "record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims"). Here, the record reflects that defendant knowingly and voluntarily waived his right to collaterally attack his sentence except in limited circumstances not raised in his present motion. On this basis alone, he is not entitled to relief. Therefore, an evidentiary hearing is not warranted because defendant's motion and the case record "conclusively show that [defendant] is entitled to no relief." 28 U.S.C. § 2255(b).

**C.     Certificate of Appealability**

A petitioner may appeal a district court's denial of their § 2255 motion only if the district court issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(b), (2). In *Slack v. McDaniel*, the Supreme Court set forth the standard for issuing a certificate of appealability when a § 2255 motion is denied on procedural grounds:

"When the district court denies a habeas petition on procedural grounds without reaching

> the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

529 U.S. 473, 484 (2000).  The Court finds that reasonable jurists could find it debatable whether defendant's claims fall under the illegal sentence exception to the collateral attack waiver.  To determine whether reasonable jurists would find it debatable whether defendant has stated a valid claim of the denial of a constitutional right, the Court turns to the merits of defendant's arguments.

As already stated, defendant argues that, in light of the Supreme Court's decision in *Taylor*, he is "actually innocent" of the counts that he pled guilty to.  In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery and conspiracy to commit a Hobbs Act robbery could not be predicate crimes to a § 924(c) crime because the elements of those crimes did not satisfy the elements clause. 142 S. Ct. at 2021.  As the Court recognized, an attempted Hobbs Act robbery required the government to prove that "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end." *Id.* at 2020.  Because the elements required only an *intent* to use actual or threatened force, the Court found that § 924(c)(3)(B) was not satisfied.  *Id.*  Therefore, the Court affirmed the Fourth Circuit's decision vacating the defendant's § 924(c) conviction and remanding the case for sentencing.  *Id.* at 2026.

Based on the decision in *Taylor*, defendant in this case now argues that his § 924(c) convictions must be vacated because they were premised on a predicate crime that is not a crime of violence. However, as already mentioned, defendant's predicate crimes were for attempted bank robbery under 18 U.S.C. § 2113(a) and the Supreme Court's analysis in *Taylor* was limited to the elements of an attempted Hobbs Act robbery.  However, subsequent Supreme Court decisions indicate that the Court intended to extend its rationale to attempted bank robbery as well.  In *Armstrong v. United States*, 143 S. Ct. 72 (2022), the Supreme Court vacated the Eleventh Circuit's judgment, which affirmed the district court holding that the defendant's attempted bank robbery and bank robbery charges under § 2113(a) were predicate "crimes of violence" under § 924(c)(3)(B), and remanded the case to the Eleventh Circuit for further consideration

in light of *Taylor*. Similarly, in *Taylor v. United States*, 142 S. Ct. 2862 (2022), the Supreme Court vacated the Fifth Circuit's judgment and remanded the case to the Fifth Circuit for further consideration in light of *Taylor*. Like the Eleventh Circuit, the Fifth Circuit in that case had initially held that the defendant's attempted bank robbery charge was a predicate "crime of violence" for his attempted bank robbery charges under § 2113(a). On remand, the Fifth Circuit maintained its holding, relying on its past precedent identifying § 2113(a) as defining "attempted and completed bank robbery as forms of a single offense that necessarily involve[ ] the actual use of force or intimidation." *United States v. Taylor*, No. 19-10261, 2023 WL 4118572, at *1 (5th Cir. June 22, 2023). Based on these two cases, the Supreme Court appears to have indicated that its decision in *Taylor* could be applied with equal force to an attempted bank robbery charge.

Further, the Ninth Circuit has recently addressed whether an attempted bank robbery conviction under § 2113(a) constitutes a crime of violence. *United States v. Hogue*, No. 20-20043, 2023 WL 5973111 (9th Cir. Sept. 14, 2023). Although the court assessed the question in the context of Sentencing Guideline § 4B1.2(a), rather than § 924(c)(3)(A), the language of the Sentencing Guideline is nearly identical to that in § 924(c)(3)(B).[1] Citing *Taylor*, the Ninth Circuit found that "[b]ecause an attempted crime of violence requires only a 'substantial step' toward the completed crime—a step that 'need not be violent'—attempted bank robbery under § 2113(a) 'does not require the actual use of force, violence or intimidation[.]'" *Id.* at *1 (citations omitted). Thus, the court held that attempted bank robbery "does not satisfy the elements clause" and the court reversed the district court's decision which had determined that § 2113(a) was a crime of violence. *Id.* at *2

To be sure, the Ninth Circuit's decision in *Hogue* is not directly analogous to the present case because it did not assess whether attempted bank robbery is a crime of violence as defined in § 924(c)(3)(A). However, the court's reliance on *Taylor* for its findings is undoubtedly persuasive. Based on the current state of the law, the Court finds that reasonable jurists could find it debatable whether

---

[1] As the Ninth Circuit noted in *United States v. Prigan*, § 924(c)(3)(A) is broader than Sentencing Guideline § 4B1.2(a)(1) because the statute references force against the "*person or property* of another" whereas the guideline references force only "*against the person* of another." 8 F.4th 1115, 1122 n.3 (9th Cir. 2021) (emphasis in original).

8

defendant's motion states a valid claim of the denial of a constitutional right.

Therefore, a certificate of appealability shall be issued with respect to whether defendant's collateral attack waiver may be enforced against his § 2255 motion.

## CONCLUSION

Accordingly, defendant's Motion to Vacate or Correct Sentence Under 28 U.S.C. § 2255, ECF [68], is DENIED. The Court issues a certificate of appealability on the issue of whether defendant's collateral attack waiver is enforceable against his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B).

IT IS SO ORDERED.

DATED this 27th day of November, 2023.

_____
Adrienne Nelson
United States District Judge